# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ABRAHAM MACIAS-OCHOA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 17-0908 (TSC) |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## **MEMORANDUM OPINION**

On October 4, 2016, Plaintiff filed his complaint in the United States District Court for the Central District of California. The case was transferred to this district on May 11, 2017. This matter has come before the court on Defendants' Motion to Reconsider and Vacate the Grant of In Forma Pauperis Status to Plaintiff. For the reasons discussed below, Defendant's motion is GRANTED.

Generally, a plaintiff must pay a filing fee in full. *See* 28 U.S.C. § 1914(a). The Court may grant a plaintiff *in forma pauperis* status by "authoriz[ing] the commencement . . . of [the] suit . . . without prepayment of fees" if plaintiff shows he is unable to pay them. *Id*. §1915(a)(1). Pursuant to the Prison Litigation Reform Act ("PLRA"), *in forma pauperis* status does not relieve a prisoner plaintiff of his obligation to pay the filing fee in full. *Asemani v. U.S. Citizenship & Immigration Servs.*, 797 F.3d 1069, 1072 (D.C. Cir. 2015). Rather than "pay the full filing fee at the time he brings suit . . . he can pay the filing fee in installments over time."

1

*Id*. (citations omitted). However, certain prisoners cannot qualify for *in forma pauperis* status under the PLRA's "three strikes" rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id*. (quoting 28 U.S.C. § 1915(g)); *see Fourstar v. Garden City Grp., Inc.*, No. 15-5049, 2017 U.S. App. LEXIS 23950, at *1 (D.C. Cir. Nov. 28, 2017) ("[A] dismissal of a prisoner's lawsuit for failure to state a claim, or as frivolous or malicious, is commonly referred to as a strike.").

Defendants argue that Plaintiff has accumulated three strikes, based on the dismissal of three civil actions filed in the United States District Court for the Northern District of Texas. *See Macias-Ochoa v. Mendez*, No. 5:16-CV-00108 (N.D. Tex. June 24, 2016) (dismissing with prejudice as frivolous); *Macias-Ochoa v. Medford*, No. 5:13-CV-00213 (N.D. Tex. Aug. 4, 2014) (dismissing with prejudice for failure to state a claim); *Macias v. Dixon*, No. 5:13-CV-00160 (N.D. Tex. May 14, 2014) (dismissing with prejudice as frivolous and for failure to state a claim).

Plaintiff acknowledges the three cases in the Northern District of Texas. However, he attributes their disposition to "the district judge who in part took sides with the defendants and dismissed [the] complaints even though [plaintiff] was forced to pay . . . the filing fees in order for the court to screen the complaint." (Pl.'s Resp. in Opp'n to Def.'s Mot. to Recons. and Vacate the Grant of In Forma Pauperis Status to Pl. and Supporting Mem. of P. ("Pl.'s Opp'n") at 1.) He considers Defendants' motion an effort to distract the court's attention from Defendants' failure to file a timely response to his Complaint. (*See id*. at 2.) Plaintiff then discusses the court's "'gate keeping' role" under the PLRA to screen a prisoner's complaint "for

2

the purpose of determining whether there are certain grounds for dismissal." (*Id*.) He states that "[t]he instant complaint was 'properly' screened by the U.S. District Judge in California in [accordance] with the PLRA," (*id*.,) and argues that Defendants now should not be allowed to "erroneously contend the California Judge was mistaken in granting [plaintiff *in forma pauperis* status]," (*id*. at 5.)

Consideration of a plaintiff's *in forma pauperis* status and the screening of his complaint are separate functions. Here, Defendants are not asking the court to screen Plaintiff's Complaint a second time. Their motion pertains only to Plaintiff's eligibility to proceed *in forma pauperis* under 28 U.S.C. § 1915(g). Based on the court's independent evaluation of the prior dismissals cited by Defendants, *see Fourstar*, 2017 U.S. App. LEXIS 23950, at *11-*12, the court concludes that each dismissal is "based on a court's determination that the underlying action . . . is 'frivolous . . . or fails to state a claim upon which relief may be granted.'" *Freeman v. Lee*, 30 F. Supp. 2d 52, 54 (D.D.C. 1998) (quoting 28 U.S.C. § 1915(g)). The court therefore concludes that Plaintiff has accumulated three strikes.

Under these circumstances, Plaintiff may proceed *in forma pauperis* only if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The court "assess[es] . . . danger at the time [Plaintiff] filed his complaint and thus look[s] only to the documents attesting to the facts at that time, namely his complaint and the accompanying motion for [*in forma pauperis*] status." *Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 420 (2009); *see Pinson v. Samuels*, 761 F.3d 1, 4 (2014). Plaintiff's claims arise from the conditions of his confinement at a correctional facility in Texas where he was held from August 18, 2013 to November 11, 2013. (Compl. at 1.) Even if the Court were to assume that Plaintiff adequately alleged danger of serious injury, it cannot be said that the danger was imminent: by the time Plaintiff filed his

Complaint in California, approximately three years had passed and Plaintiff had been transferred to a federal penitentiary in California. The court concludes that Plaintiff does not qualify for the imminent danger exception.

Defendants' Motion to Reconsider and Vacate the Grant of In Forma Pauperis Status to Plaintiff, ECF No. 16, is granted. Rather than dismiss the Complaint at this juncture, the court revokes plaintiff's *in forma pauperis* status and will permit him to pay the fee in full within thirty days.[1] *See, e.g., Matthews v. FBI*, 251 F. Supp. 3d 257, 264 (D.D.C. 2017).

An Order is issued separately.

DATE: December 8, 2017

/s/
TANYA S. CHUTKAN
United States District Judge

---

[1] Review of the docket reveals that plaintiff already has paid a partial filing fee of $19, leaving an outstanding balance of $331.